# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:14-cv-00014-MR
## [Criminal Case No. 1:09-cr-00051-MR-1]

| | |
|---|---|
| JEFFREY ALAN ARTHUR, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Amended Motion to Vacate and Alternative Petition for Relief under 28 U.S.C. § 2241, for a Writ of Coram Nobis, or for a Writ of *Audita Querela* [Doc. 5]; the Government's Motion for Leave to File Out of Time [Doc. 14]; and the Government's Response [Doc. 13]. For the reasons that follow, Petitioner's motion to vacate will be granted in part and the Petitioner shall be resentenced without application of the statutory mandatory minimum of 240 months.

**I. BACKGROUND**

On June 2, 2009, the Petitioner was indicted by the Grand Jury for the Western District of North Carolina and charged with conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841. [Criminal Case No. 1:09-cr-00051, Doc. 3: Indictment].

On July 16, 2009, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner that it would seek enhanced penalties based on Petitioner's 2007 conviction for possession with intent to sell and deliver a Schedule II controlled substance, a Class H felony under North Carolina law. [Id., Doc. 55]. The state court determined Petitioner's prior offense level to be II, and that he was to be sentenced within the presumptive range. Therefore, the maximum punishment he could have received for the 2007 conviction under North Carolina law was 10 months. N.C. Gen. Stat. § 15A-1340-17(c) and (d) (1996). The state court sentenced him to a term of 8 to 10 months, suspended. [Doc. 109 at 11].

In September 2009, Petitioner pled guilty to the conspiracy charge pursuant to a written plea agreement with the Government. In the plea agreement, the parties stipulated that the amount of methamphetamine

known or reasonably foreseeable to Petitioner was at least 50 grams but less than 150 grams.  [Id., Doc. 81: Plea Agreement ¶ 6(a)].

Prior to sentencing, the probation officer prepared a presentence report (PSR), in which the probation officer calculated a total offense level of 25 and a criminal history category of III, resulting in an advisory Guidelines range of 70 to 87 months' imprisonment.  [Id., Doc. 109: PSR at 9, 11, 16]. Because of the § 851 notice, however, the probation officer noted that Petitioner faced a statutory mandatory minimum of 240 months.  [Id. at 16].

Prior to Petitioner's sentencing hearing, the Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 28 U.S.C. § 3553(e) based on Petitioner's substantial assistance.  In its motion, the Government requested that the Court sentence Petitioner to 192 months in prison, which represented a 20% reduction.[1]  [Id., Doc. 116].  On June 25, 2010, this Court held a sentencing hearing.  The Court granted the Government's motion for a downward departure and sentenced Petitioner to a term of 180 months in prison. [Id., Doc. 124]. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed this Court's Judgment, issuing its

---

[1] The Government's motion requests a sentence of 192 months, but at the sentencing hearing the Government advocated for a sentence of 180 months.

3

mandate on April 27, 2011. United States v. Arthur, 421 F. App'x 279 (4th Cir. 2011).

On September 16, 2013, Petitioner filed a motion seeking relief based on the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). [Id., Doc. 157]. The Court issued an Order pursuant to Castro v. United States, 540 U.S. 375 (2003), notifying the Petitioner that it intended to characterize Petitioner's filing as a motion to vacate pursuant to 28 U.S.C. § 2255. [Id., Doc. 160]. On June 23, 2014, Petitioner, through counsel[2], filed an amended motion to vacate, seeking relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), arguing that the prior conviction used to trigger the higher mandatory minimum sentence was not punishable by more than one year in prison. The Government has responded to Petitioner's amended motion, agreeing that Petitioner is entitled to be resentenced without application of the statutory mandatory minimum of 240 months. [Doc. 13].[3]

---

[2] Petitioner is represented by Ann L. Hester of the Federal Defenders of Western North Carolina (FDWNC). On May 6, 2012, the Judges of this District had appointed FDWNC to examine the cases of defendants convicted in this District to determine whether they might be entitled to relief under Simmons. FDWNC admittedly, however, "overlooked Petitioner's case" [Doc. 5 at 7] and was not aware of it until it was brought to counsel's attention by the Court following Petitioner's September 16, 2013 filing.

[3] The Government moves for leave to file its Response one day out of time. [Doc. 14]. For good cause shown, the Court will allow this motion.

4

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Petitioner's Claim for Relief under Simmons

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's motion to vacate was filed more than one year after the judgment against him became final, and therefore, his motion is not timely under § 2255(f)(1). He has not alleged any government-created impediment to the filing of his motion, thereby rendering § 2255(f)(2) inapplicable. Moreover, the "right asserted" by Petitioner emanates from the Fourth Circuit's decision in Simmons, not a Supreme Court decision; as such, § 2255(f)(3) is not applicable. Finally, Petitioner's motion to vacate is not based upon any newly discovered facts which render his motion timely under § 2255(f)(4). Despite the motion's untimeliness, the Government in its January 27, 2015, filing has agreed to waive the one-year statute of limitations in the interests of justice, a decision which the Court may not override. See Wood v. Milyard, 132 S. Ct. 1826, 1834-35 (2012). Accordingly, the Court will proceed to consider the merits of Petitioner's claim.

Section 841(b)(1) provides for enhanced sentences based on any prior conviction for a "felony drug offense." 21 U.S.C. § 841(b)(1). An offense qualifies as a "felony drug offense" for purposes of § 841(b)(1) if it is punishable by more than one year in prison. In Simmons, the Fourth Circuit held that this threshold is met only if that particular defendant could have received a sentence of more than one year in prison. In so holding, the Fourth Circuit overruled its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit had held that an offense is punishable by more than one year in prison as long as *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247.

In the present case, the Court enhanced Petitioner's sentence based on his prior conviction for possession with intent to sell and deliver a Schedule II controlled substance. The parties agree that Petitioner could not have received a sentence of more than one year in prison for this conviction under North Carolina law. Therefore, although Jones and Harp were still good law at the time this Court sentenced Petitioner, Simmons has made clear that Petitioner's prior conviction was not a "felony drug offense" for

purposes of 21 U.S.C. § 841(b)(1), because it was not punishable by more than one year in prison.

Because the application of the mandatory minimum deprived the Court of discretion and because the Court may well have sentenced Petitioner to a sentence below 180 months without application of that mandatory minimum, the Court concludes that Petitioner is entitled to a new sentencing hearing. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).

Based on the foregoing, the Court will grant Petitioner's amended motion to vacate in part so as to allow Petitioner to be resentenced without application of the 240-month mandatory minimum. Petitioner's alternative claims for relief as stated in his amended motion to vacate will be denied as moot.

### B. Petitioner's Claim for Relief under Alleyne

In his *pro se* motion to vacate, Petitioner contends that he was erroneously sentenced in light of Alleyne v. United States, 133 S.Ct. 2151 (2013). In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. The Court, however, resolved Alleyne on direct rather than collateral review, and it did not declare that its new rule applied retroactively

8

to collateral cases. Indeed, Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), and the Supreme Court has decided that other rules based on Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). For these reasons, Petitioner's *pro se* claim under Alleyne will be denied.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner's § 2255 motion, as amended, is granted in part and denied in part.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate is **GRANTED IN PART** and his sentence will be **VACATED** for the reasons stated herein. All remaining provisions of Petitioner's Judgment [Criminal Case No. 1:09-cr-00051-MR-1, Doc. 124] shall remain in force and effect;

2. In all other respects, Petitioner's Motion to Vacate, as amended, is **DENIED**;

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons and/or the United States Marshals Service pending his resentencing hearing.

4. The Government's Motion for Leave to File Out of Time [Doc. 14] is **GRANTED**.

5. The Clerk of Court is directed to certify copies of this Order to the United States Bureau of Prisons, the United States Marshals Service, and the United States Probation Office.

6. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 17, 2015

Martin Reidinger
United States District Judge